UNIVERSAL UNDERWRITERS INSUR-
ANCE COMPANY, a corporation,
Plaintiff and Appellant,

v.

Edwin JOHNSON, d/b/a Johnson Motor
Sales, and Agnes Johnson, Defend-
ants and Respondents.

No. 7888.

Supreme Court of North Dakota.

August 9, 1961.

Ilvedson, Pringle, Herigstad & Mesch-
ke, Minot, for plaintiff and appellant.

Ella Van Berkom, Minot, for defendants
and respondents.

SATHRE, Chief Justice.

This is an appeal from a judgment of the
district court of Mountrail County, render-
ed August 11, 1959 in favor of the defend-
ants and against plaintiffs.

The plaintiff brought the action for a
declaratory judgment relieving it from any
liability, under a liability insurance policy
sold to the defendants for any damages re-
sulting from an accident in which the de-

fendant Agnes Johnson was involved in driving a Cadillac automobile at Miami Beach, Florida.

The facts out of which this action arose are substantially as follows:

The defendant, Edwin Johnson individually is engaged in the retail sale of new and used automobiles and trucks, at Stanley, North Dakota. He operates a garage in connection with his sales business and maintains a repair shop for servicing and repairing trucks and automobiles. He has a franchise for the sale of Buick automobiles.

The defendants have a home at Stanley, North Dakota, and they also maintain a home at Hollywood Beach, Florida. It is customary for defendant's wife, Agnes Johnson, to go to their Florida home and spend the winter months, and on occasion her husband would take trips to the Florida home.

Mr. Johnson carried liability insurance with several insurance companies covering cars and trucks owned by him and damages that might result from the use of same. Both Mr. and Mrs. Johnson would drive any of the cars in the garage at any time, anywhere and any place they might desire to go.

On or about November 3rd, 1954, Jack Harris the agent of the plaintiff sold the defendant a garage liability insurance policy, covering liability in connection with the use and operations of cars and trucks owned by him and used in the conduct of his garage business. The policy No. AL-24461 was admitted in evidence as plaintiff's exhibit "1". This policy was automatically renewed from year to year. Johnson thereupon cancelled his other insurance policies, or permitted them to lapse at their expiration dates.

The defendants kept and maintained a Buick automobile at their Florida home for use by himself or his wife, while they were living there.

In January 1958, the defendant, Edwin Johnson purchased a new Cadillac automobile from Fisher Motors, at Minot, North Dakota to use in driving to Hollywood Beach, Florida, to attend a convention of the National Automobile Dealers. The Cadillac was purchased at wholesale price and paid from the bank account of Edwin Johnson d/b/a Johnson Motor Sales. Edwin Johnson drove the Cadillac car to Hollywood Beach, Florida. The Cadillac was titled and licensed in the name of Edwin Johnson.

On January 11, 1958, the defendant Agnes Johnson, wife of Edwin Johnson, was driving the Cadillac automobile in Miami Beach, Florida and while driving became involved in a two-car collision. As a result of the collision a personal injury action was brought against the defendants in the State of Florida. The plaintiff Insurance Company contends that the liability policy issued to Edwin Johnson d/b/a Johnson Motor Sales, did not cover the Cadillac car or any damages resulting from the collision in which the defendant, Mrs. Johnson was involved. The insurance company then brought this action in the district court of Mountrail County for a declaratory judgment construing the terms of the policy in question.

The defendants answered claiming that the Cadillac automobile was fully covered under the policy issued by the plaintiff and that under its terms the plaintiff is liable for any property damages in any suit brought against the defendants arising out of operation of said vehicle.

Judgment is demanded, declaring plaintiff be adjudged responsible for any legal liability of the defendants.

The case was tried in the district court of Mountrail County to the court without a jury and judgment was rendered for the defendants to the effect that the insurance policy in controversy does cover the Cadillac automobile and any damages resulting from the two-car collision in which the defendant Agnes Johnson was involved

while driving the Cadillac in the State of Florida.

From this judgment the plaintiff brought this appeal.

The question for determination is whether under the conditions and terms of the policy the plaintiff, as insurer, is liable for property damage resulting from the accident in which the defendant Agnes Johnson was involved while driving the Cadillac car in Florida. The policy defines the operations it covers as follows:

"Definition of Hazards. Division 1, Premises, Operations, Automobiles:

" 'The ownership, maintenance or use of the premises for the purpose of an automobile sales agency, repair shop, service station, storage garage, or public parking place, and all operations necessary or incidental thereto; and the ownership, maintenance or use of any automobile in connection with the above defined operations, and the occasional use for other business purposes and the use for non-business purposes of

" '(1) Any automobile owned by or in charge of the named insured and used principally in the above defined operations, and

" '(2) Any automobile owned by the named insured in connection with the above defined operations for the use of the named insured, a partner therein, an executive officer thereof, or a member of the household of any such person.' "

The policy further provides:

"*Policy Period. Territory:*

" 'This policy applies only to accidents which occur during the policy period within the United States of America, its territories or possessions or Canada.' "

As pointed out it is undisputed that the defendant, Edwin Johnson purchased the Cadillac automobile referred to herein at wholesale price from Fishers Motors at Minot, North Dakota and paid for it from the funds of Edwin Johnson d/b/a Johnson Motor Sales. Johnson purchased the Cadillac for the purpose of driving it to Hollywood Beach, Florida, to attend a convention of the National Automobile Dealers Association. It is a common practice of people who are engaged in the same kind of business to meet together periodically in conventions for the purpose of discussing the various problems arising in their business operations; and attendance at such conventions is considered a part of and incident to the successful conduct of their business.

However, under the terms and conditions of the policy under consideration it covers not only cars and trucks used in the operation of the business, but covers "the occasional use for other business purposes and the use for non-business purposes of (1) of any automobile owned by or in charge of the named insured used principally in the above defined operations."

The policy further covers any car owned by the insured in connection with his business "for the use of the named insured, a partner therein, an executive officer thereof, or a member of the household of any such person."

The coverage of the policy is not limited to operations of the business in the State of North Dakota, but by its terms it covers "accidents which occur during the policy period within the United States of America, its territories or possessions or Canada."

■ The general rule applicable in the construction of insurance policies is that since the language employed therein is that of the insurer, any ambiguity or any reasonable doubt as to its meaning should be construed strictly against the insurer, and the doubt or ambiguity favorably to the insured. In 44 C.J.S. Insurance § 297c, pages 1166–1169 it is stated:

"It is a cardinal principle of insurance law that a policy or contract of insurance is to be construed liberally in favor of insured or his beneficiary and strictly as against insurer. * * * Stated more fully, the rule is that, where, by reason of ambiguity in the language employed in a policy or contract of insurance, there is doubt or uncertainty as to its meaning and it is fairly susceptible of two interpretations, one favorable to insured or his beneficiary and the other favorable to the company, the former will be adopted, even though it was the intention of insurer that the policy, or a particular clause or provision thereof, should have a different meaning; and this rule is especially applicable where the ambiguity or doubt relates to matters subsequent to the loss or the attaching of liability. The reason for the rule is that insured usually has no voice in the selection or arrangement of the words employed and that the language of the contract is selected with great care and deliberation by experts and legal advisers employed by, and acting exclusively in the interest of, the insurance company, which, therefore, is at fault for any ambiguity or uncertainty therein, and accordingly the rule itself is frequently stated that, in case of ambiguity or doubt, a contract of insurance should be strictly construed against the insurance company and liberally in favor of insured where, as is usually the case, the contract has been written or prepared by the company."

We have carefully examined the pertinent stipulations of the insurance policy, plaintiff's exhibit 1, and we cannot say that the language is ambiguous or that there is any reasonable doubt as to its meaning. It covers the use of cars for "the occasional use for other business purposes and the use for non-business purposes of any automobile owned by or in charge of the named insured." Furthermore the policy covers "a member of the household of any such person."

It is undisputed that the Cadillac car driven by the defendant Mrs. Agnes Johnson was owned and purchased by, and paid for from, the bank account of Edwin Johnson d/b/a Johnson Motor Sales. Edwin Johnson drove it to Florida to attend a convention of the National Automobile Dealers Association of which he was a member and an area chairman. The convention was held at Miami Beach, Florida, and Mrs. Agnes Johnson had the two-car accident when she was driving the Cadillac to the auditorium where she expected to meet her husband, who was there attending the convention.

■ The policy covers any automobile owned and used in connection with operations of the insured, a partner, as executive officer thereof, or a member of the household of any such person. There can be no doubt that Agnes Johnson is a member of her husband's household under its accepted meaning. Websters New International Dictionary defines household as "Those who dwell under the same roof and compose a family; a domestic establishment; family."

In the case of Arthur v. Morgan, 112 U.S. 495, 5 S.Ct. 241, 243, 28 L.Ed. 825 the court said:

"Persons who dwell together as a family constitute a 'household'."

■ In the instant case there is no dispute as to the facts. The insurance policy here involved constitutes the contract between insurer and insured and the question as to the liability of the insurer must be determined from the terms and stipulations contained in the policy.

■ It covers automobiles owned by the insured used for business purposes other than his automobile sales operations. It specifically provides for coverage of automobiles used for non-business purposes.

when driven by the insured, an executive officer, partner, or member of the household of any such person. The wife of the insured is of course a member of his household. She was driving the Cadillac the insured had purchased for use in driving to Florida to attend the convention of the National Automobile Dealers Association. It is immaterial whether or not she was driving the Cadillac for purposes connected with the business of the insured, because the policy covered automobiles driven for non-business purposes as well as business operations of insured business operations.

Upon the record before us we reach the conclusion that the coverage of the policy in controversy issued by plaintiff to the defendant includes the Cadillac driven by Mrs. Agnes Johnson when she was involved in the two-car accident, and that the judgment of the district court must be and it is affirmed.

STRUTZ, BURKE, MORRIS and TEIGEN, JJ., concur.