Virginia Ann TENNEFOS, Plaintiff and Appellant,

v.

GUARANTEE MUTUAL LIFE COMPANY, a corporation, Defendant and Respondent.

No. 8214.

Supreme Court of North Dakota.

June 29, 1965.

**156**

Cupler, Tenneson, Serkland & Lundberg, Fargo, for appellant.

Nilles, Oehlert & Nilles, Fargo, for respondent.

TEIGEN, Judge.

The plaintiff has appealed from an adverse judgment dismissing her complaint with prejudice upon the merits.

The plaintiff was the beneficiary and her husband was the insured under a $10,000 life insurance policy written on the defendant company. The policy, by a supplementary contract, provided for an additional $10,000 benefit if death "resulted directly and independently of all other causes from bodily injury effected solely through external, violent and accidental means * * *" if

"(4) * * * the death of the Insured did not result directly or indirectly from

\* \* \* \* \* \*

(c) travel or flight in, or descent from, any kind of aircraft operated for military or naval purposes, or operated for any aviation training, or of which the Insured is acting as pilot or member of the crew, * * *"

It was stipulated:

"That said insured, Peter Eugene Tennefos, died on the 9th day of June, 1960, while operating and acting as pilot thereof, a private aircraft owned by Tennefos Construction Co., Inc., which crashed to the ground near Leola, South Dakota, resulting directly in the death of the insured, Peter Eugene Tennefos."

The plaintiff has received from the defendant company the face amount of the life policy, $10,000, and by this action now seeks to recover an additional $10,000 under the double indemnity accident provision of the supplementary contract issued in connection therewith.

The trial court held the exclusion clause quoted above was clear and unambiguous and that, since the insured was piloting a private aircraft at the time of his death, the accidental death benefit provision did not apply.

The plaintiff construes the disputed clause, quoted above, to exclude double indemnity benefits when the insured died in any kind of aircraft operated for military or naval purposes. She arrives at this interpretation of the clause through the following reasoning: The clause begins by excluding coverage for death resulting directly or indirectly from "travel or flight in, or descent from, *any kind of aircraft* * * *." (Emphasis supplied.) She argues that the phrase "operated for military

or naval purposes," which follows the words "any kind of aircraft," qualified the general exclusion. She argues this qualification expands coverage for the insured and it becomes clear from the sequence of the phrases that the supplementary contract excludes coverage when the death of the insured results directly or indirectly from travel or flight in *any kind of aircraft operated for military or naval purposes*. She argues that the remainder of the clause in dispute consists of two subclauses: (1) "or operated for any aviation training," and (2) "or of which the Insured is acting as pilot or member of the crew." Both of these subclauses modify the entire preceding clause and, therefore, the policy does not cover death in a military or naval aircraft operated for any aviation training or of which the insured is acting as pilot or member of the crew. Therefore, since the insured died in a private aircraft, plaintiff argues the exclusionary clause does not apply.

The plaintiff also argues that, if her construction of the clause is not accepted, the plaintiff is entitled to recover because the exclusion clause is ambiguous, obscure, and misleading; therefore, the language should be construed against the insurer.

The trial court construed the clause to exclude accidental death caused by travel or flight in, or descent from, any kind of aircraft (1) operated for military or naval purposes, or (2) operated for any aviation training, or (3) of which the insured is acting as pilot or member of the crew.

When the language of a contract is clear and explicit and does not involve an absurdity, the language governs its interpretation. Section 9-07-02, N.D.C.C. The words of a contract are to be understood in their ordinary and popular sense rather than according to their strict legal meaning, unless used by the parties in a technical sense, or unless a special meaning is given to them by usage. Section 9-07-09, N.D. C.C.

An insurance contract, like any other contract, is to be construed according to the sense or meaning of the words that are used in the contract. Schmitt v. Paramount Fire Insurance Co., N.D., 92 N.W.2d 177. The question of an insurer's liability must be determined from the terms and stipulations in the policy. Universal Underwriters Insurance Co. v. Johnson, N.D., 110 N.W.2d 224. If the language used in an insurance contract reasonably raises a doubt as to its meaning, that doubt will be resolved against the insurer who wrote the contract. Schmitt v. Paramount Fire Insurance Co., supra; Universal Underwriters Insurance Co. v. Johnson, supra; Conlin v. Dakota Fire Insurance Co., N.D., 126 N.W.2d 421; and Adams v. Bartel, N.D., 129 N.W.2d 755.

Although an insurance contract should be construed liberally to accomplish the purpose of the contract, the language should not be strained in order to impose liability on the insurer. Schmitt v. Paramount Fire Insurance Co., supra.

We agree with the trial court. We find the language of the exclusion clause is clear and explicit. It does not involve an absurdity. The word "or" is a conjunction and is defined in Black's Law Dictionary, 4th Edition, as:

"A disjunctive particle used to express an alternative or to give a choice of one among two or more things."

Webster's Third New International Dictionary, Unabridged, defines "or" when used as a conjunction:

" * * * as a function word to indicate 1 * * * an alternative between different or unlike things, states, or actions * * * (6) succession by turns. * * * "

The exclusion clause is clear. It means what it says. There is no double indemnity insurance if the insured's death resulted directly or indirectly from "travel or flight in, or descent from, any kind of

aircraft" under any of three separate and distinct conditions:

1. "operated for military or naval purposes,"

or

2. "operated for any aviation training,"

or

3. "of which the Insured is acting as pilot or member of the crew[.]"

It was stipulated the insured died when acting as pilot of a private aircraft. It follows the judgment of dismissal is, therefore, affirmed.

BURKE, C. J., and TEIGEN, STRUTZ, ERICKSTAD and KNUDSON, JJ., concur.