Olga STRUCHYNSKI, Plaintiff
and Appellant,

v.

Peter DECKER, doing business under the
firm name and style of Pete's Cafe,
Defendant and Respondent.

Civ. No. 8772.

Supreme Court of North Dakota.

Feb. 8, 1972.

Maurice R. Hunke, Dickinson, for plaintiff and appellant.

Greenwood, Murtha & Moench, Dickinson, for defendant and respondent.

STRUTZ, Chief Justice.

This action was commenced in the county court of increased jurisdiction of Stark County by service of a summons and complaint upon the defendant on May 18, 1971. It was brought to recover wages claimed to be due for overtime from the defendant, who operated a cafe in Belfield, North Dakota. When the plaintiff did not receive an answer from the defendant within the twenty days as required by the summons, a default judgment was entered on June 11, 1971.

Shortly thereafter, the defendant discovered that judgment had been entered, and on June 14, 1971, he served motion and notice of motion to vacate the default judgment on the ground that the defendant actually had served his answer upon the plaintiff by mailing a copy thereof to the plaintiff's attorney on June 4, 1971. After hearing the motion, the trial court entered its order vacating the default judgment and placing the case on the calendar for trial.

Thereafter, the case came on for hearing, and at the close of the plaintiff's case, after the plaintiff had rested, the defendant moved for a dismissal of the complaint on the ground that the plaintiff had failed to prove her cause of action. The court granted the defendant's motion and entered its order dismissing the complaint. The plaintiff now takes this appeal from the order dismissing the complaint and files specifications of error upon which she bases her appeal. These specifications of error may be summed up as follows:

1. That the trial court erred as a matter of law in vacating the default judgment which had been entered by the plaintiff; and

2. That the trial court erred as a matter of law in dismissing the plaintiff's complaint.

■ Did the trial court err in vacating the default judgment? Relief from a judgment now may be granted "on motion and upon such terms as are just," for any of the reasons set forth in Rule 60(b), North Dakota Rules of Civil Procedure.

The rule referred to provides that such motion may be made for any of the reasons set forth, including:

"(6) any other reason justifying relief from the operation of the judgment."

It also provides that the motion must be made within a reasonable time. Here, the

defendant made his motion for an order to vacate the default judgment within three days after the entry of such judgment. This was in compliance with the requirement that the application for relief be made within a reasonable time.

An application to the court for an order must be made by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief sought. The requirement of writing is fulfilled if grounds for the motion are stated in the written notice of hearing on the motion. Rule 7(b) (1), N. D.R.Civ.P.

In this case, the defendant served a written notice of motion setting the time and place for hearing the written motion, which notice of motion was served at the same time as the written motion to vacate the default judgment. The written motion stated that prior to the time when the default judgment was entered, the defendant had answered the complaint and that such answer had been served by mail on June 4.

The procedure followed was in accordance with the Rules of Civil Procedure then in effect for vacating a default judgment. Sufficient reason justifying the granting of relief from the operation of the judgment was shown. This court has held that if, on discovery of the entry of a default judgment, prompt application is made to set aside the default judgment and an answer is served setting forth a meritorious defense, the trial court should grant the motion to vacate the judgment and hear the case on its merits. Kinsella v. Kinsella, 181 N.W.2d 764, 769 (N.D.1970).

The answer which defendant served by mail on June 4 specifically alleges payment in full to the plaintiff. This would constitute a meritorious defense.

We find, therefore, that the trial court did not err in vacating the default judgment which had been entered.

■ The next issue for us to consider is whether the trial court erred in dismissing the plaintiff's complaint on motion of the defendant at the close of the plaintiff's case. No evidence was introduced by the defendant, and thus, for the purposes of the motion to dismiss, the evidence given by the plaintiff must be considered in the light most favorable to the plaintiff. Cranston Print Works Co. v. Public Service Co. of North Carolina, 291 F.2d 638 (4th Cir. 1961).

Rule 41(b) of the North Dakota Rules of Civil Procedure, at the time of this action, provided, in part:

" . . . After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. . . . "

The above rule further provides that the court, if it renders judgment on the merits against the plaintiff, shall make findings as provided in Rule 52(a).

Rule 52(a) provides that in all actions tried upon the facts without a jury, "the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; . . . "

It further provides that if an opinion or memorandum of decision is filed, "it will be sufficient if the findings of fact and conclusions of law appear therein."

■ Thus in a case tried without a jury, as was the case before us, when a motion to dismiss is made for insufficiency of evidence, the rule requires the trial court to weigh the evidence, and if the plaintiff's evidence is found to be insufficient, judgment may be rendered on the merits for the defendant. In that event, however, the trial court must make findings of fact as

**744**

provided in Rule 52(a). In such case, the court cannot simply dismiss the action for failure of the plaintiff to make out a case. Interborough News Co. v. Curtis Publishing Co., 127 F.Supp. 286, aff'd, 225 F.2d 289 (2d Cir. 1955).

The purpose of requiring findings of fact to be drawn is to assist the appellate court by affording it a clear understanding of the trial court's determination that the evidence was insufficient. Whitney v. Continental Life and Accident Co., 89 Idaho 96, 403 P.2d 573 (1965).

In the case before us, the trial court failed to make any findings, nor did it state separately its conclusions. Neither was there a memorandum of opinion filed in which the findings of fact and conclusions of law were set forth. The court merely entered an order in which it stated:

"That the Plaintiff failed to carry the burden of proof on the allegations of its [*sic*] Complaint and therefore, IT IS HEREBY ORDERED that the case be dismissed without costs."

We believe that under the rules above referred to the trial court must find the facts and cannot simply dismiss the complaint for plaintiff's failure to make out a case.

The trial court erred in dismissing the plaintiff's complaint on motion of the defendant, made at the end of the plaintiff's case, without finding the facts, specially and separately stating its conclusions of law on such findings, and directing the entry of judgment, as required by Rules 41(b) and 52(a).

For reasons stated herein, the case is remanded to the trial court for further action in conformity with this opinion.

TEIGEN, ERICKSTAD, PAULSON, and KNUDSON, JJ., concur.