Ron KOVASH and Pat Hoerner, d/b/a Hoerner and Kovash, Plaintiffs and Respondents,

v.

TRANSWESTERN, INC., a corporation, Defendant and Appellant.

Civ. No. 8756.

Supreme Court of North Dakota.

March 29, 1972.

Rehearing Denied May 31, 1972.

Freed, Dynes & Malloy, Dickinson, for defendant and appellant.

Maurice R. Hunke, Dickinson, for plaintiffs and respondents.

PAULSON, Judge.

This is an appeal from a judgment of the Stark County Court with Increased Jurisdiction in favor of the plaintiffs, Ron Kovash and Pat Hoerner, doing business as Hoerner and Kovash [hereinafter Kovash]. The recovery was for the value of accounting services rendered by Kovash to Robert J. Johanneson, who was then in the insurance business in Dickinson. The trial court found that the defendant, Transwestern, Inc. [hereinafter Transwestern], was liable for such services because Kovash was a third-party beneficiary of a contract between Johanneson and Transwestern.

The contract between Johanneson and Transwestern was entered into on March 27, 1968, to facilitate the taking over of Johanneson's insurance business by Transwestern. Transwestern's major obligations were to pay existing indebtedness of Johanneson in the approximate amounts of $10,500 to the American State Bank, Dickinson, North Dakota; and $19,500 to the various insurance companies which Johanneson was representing. In addition, there was the obligation set forth in the following language of the contract:

"(1) . . . . .

(c) To pay and discharge all miscellaneous accounts owing by said first party's [Johanneson's] insurance agency, including, but not limited to withholding tax, advertising accounts owing, and miscellaneous accounts, totalling in all approximately $1,000.00;"

It was on the language of subsection (1)(c) that the trial court predicated Transwestern's liability to Kovash.

Subsequent to the March 27, 1968, agreement the parties entered into a Settlement Agreement on April 5, 1969. The pertinent language of this second agreement is:

"4. Both parties herewith acknowledge receipt of what they are entitled pursuant to the terms of said agreement (exhibit A) [first agreement] and do herewith separately discharge and release the other from any further liability whatever in connection with said transaction and in connection with the contractual obligations of the parties pursuant to said agreement (exhibit A). The First Party [Johanneson] specifically acknowledges that he has received a complete and fair accounting of all matters mentioned and contemplated in said agreement and agrees that this is the final settlement between the parties."

In May of 1969, Johanneson commenced bankruptcy proceedings. Kovash filed a claim against the bankruptcy estate of Johanneson and the claim was denied because of the language of subsection (1)(c) of the first agreement between Johanneson and Transwestern. The record is silent on whether the bankruptcy referee was aware of the Settlement Agreement executed on April 5, 1969.

Kovash commenced this action on November 3, 1970, and the judgment from which this appeal is taken was entered on August 16, 1971.

The determinative issue in this case is whether the trial court erred in failing to find that the Settlement Agreement of April 5, 1969, released Transwestern from any further liability under the first agreement.

The right of a third-party beneficiary to bring suit on a contract made for his benefit is provided in § 9-02-04 of the North Dakota Century Code:

"Third party beneficiary may enforce contract.—A contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it."

The trial court in its oral decision erroneously stated that the following from 17A C.J.S. Contracts § 519(4)h. Contract as Basis of Right (c), at page 990, is not the law in North Dakota:

"(c). Modification or Rescission; Failure of Consideration.

"A third person's right to enforce a contract for his benefit is subject to the defense of failure of consideration, and to the modification, termination, or rescission of the contract by the parties before the beneficiary has knowledge of the agreement or acts thereon."

██ Notwithstanding the trial court's view concerning the law of North Dakota, we believe that the above statement is the correct statement of the law and is in conformity with what we said in Klein v. Klein, 69 N.D. 353, 286 N.W. 898 (1939), in paragraph 3 of the syllabus:

"A third person for whose benefit a contract has been made cannot recover thereon if before he accepts the contract the parties thereto have rescinded it or terminated it by mutual agreement."

The decision in Klein v. Klein, *supra*, interpreted § 5851 of the Compiled Laws of 1913, which section is identical to existing § 9-02-04, N.D.C.C.

Since Kovash did not act to enforce any rights which it may have had under the initial agreement until after the Settlement Agreement of April 5, 1969, we are of the opinion that Kovash was deprived of any such rights by the Settlement Agreement. Our holding is in accordance with the established general rule, which is stated in 17 Am.Jur.2d, Contracts § 317, at pages 745–746:

> "*Rescission or modification of contract.* According to the rule followed in most jurisdictions, the parties to a contract entered into for the benefit of a third person may rescind, vary, or abrogate the contract as they see fit, without the assent of the third person, at any time before the contract is accepted, adopted, or acted upon by him, and such rescission deprives the third person of any rights under or because of such contract. This rule has been applied, for instance, in the case of an agreement to pay another's debts. . . . "

Since our decision on this specification of error is determinative of the case, we find it unnecessary to consider the remaining specifications of error.

Kovash has argued the applicability of Rule 52(a) of the North Dakota Rules of Civil Procedure, which provides that in cases tried by the court its findings of fact shall not be set aside unless the findings are clearly erroneous. This argument is untenable here since the trial court made no finding relative to the effect of the Settlement Agreement on the earlier agreement executed between Johanneson and Transwestern. This is not a case which should be returned to the trial court for additional findings of fact, since this court has the complete record before it and can make a final determination on the merits. *Cf.* Struchynski v. Decker, 194 N.W.2d 741 (N.D.1972). The omission of the trial court to make such a finding on a matter which is pertinent to the outcome of the case is clearly erroneous and this court has the power to determine the facts which the trial court has failed to find.

In accordance with the reasoning of this opinion, the judgment is reversed.

STRUTZ, C. J., and ERICKSTAD, TEIGEN, and KNUDSON, JJ., concur.