Donavon K. STETSON, as Executor of the Estate of Robert C. Ranes, Deceased, Plaintiff-Appellant,

v.

BLUE CROSS OF NORTH DAKOTA, a corporation, Defendant-Appellee.

Civ. No. 9389.

Supreme Court of North Dakota.

Jan. 12, 1978.

Stetson & Jones, Lisbon, for plaintiff-appellant, on briefs.

Nilles, Hansen, Selbo, Magill & Davies, Fargo, for defendant-appellee, on briefs.

PAULSON, Judge.

This is an appeal by the plaintiff, Donavon K. Stetson, as Executor of the Estate of Robert C. Ranes, Deceased [hereinafter Stetson], from the judgment of the Ransom County District Court entered on April 22, 1977. The sole issue raised on this appeal is whether the trial court erred in its interpretation and construction of a group insurance policy.

The facts of this case are not in dispute. The trial court made its determination, without a jury, based on a stipulation of facts filed by the parties.

Robert C. Ranes, Deceased [hereinafter Ranes], was an employee of the Melroe Division of Clark Equipment Company at Gwinner and was also a self-employed farmer-rancher. On February 28, 1976, Ranes was injured while working in his machine shop on his farm. At the time he was injured, he was working in his capacity as a self-employed farmer-rancher, and not as an employee of Clark Equipment Company. As a consequence of this injury, Ranes received ambulance and hospital services in the total amount of $2,448.52.

At the time of his injury, Ranes was a member of a group hospital services contract in force between Clark Equipment Company and the defendant, Blue Cross of North Dakota [hereinafter Blue Cross]. Ranes also had a contract of employers workmen's compensation coverage pursuant

to Chapter 65–07 of the North Dakota Century Code. The North Dakota Workmen's Compensation Bureau paid, in full, the cost of the ambulance and hospital services received by Ranes.

Subsequently, Ranes died, and, on October 18, 1976, Stetson, acting on behalf of Ranes's estate, sued Blue Cross for the cost of the ambulance and hospital services provided to Ranes. Stetson asserts that Blue Cross is obligated to pay for these services under the group insurance contract issued to Clark Equipment Company. Blue Cross asserts, on the other hand, that the group insurance policy contains a provision which excludes Blue Cross liability for services provided to an insured member which are paid for by workmen's compensation.

The trial court construed the group insurance contract and concluded that Blue Cross was not liable for the cost of the services provided to Ranes because these services were paid, in full, by the Workmen's Compensation Bureau. Accordingly, the trial court dismissed Stetson's complaint upon the merits with prejudice.

Stetson raises the sole issue on this appeal of whether the trial court erred in its interpretation of the group insurance policy when the court concluded that Blue Cross incurred no liability under the policy based on the facts in this case. The relevant provisions of the policy are as follows:

### "ARTICLE II  BASIC BENEFITS FOR HOSPITAL SERVICES

"H.  *COORDINATION OF BENEFITS:*

"1. If a Member is eligible for Benefits under any other group, blanket or franchise plan, Benefits under the Blue Cross and Blue Shield of North Dakota Contracts and any other plans will be coordinated according to regulations established by the North Dakota State Insurance Commissioner. The aggregate amount paid for the covered services by the plans will not exceed 100% of the covered expenses incurred.

.    .    .    .    .

"I.  *LIMITATIONS:*

"1. The Member shall not be entitled to any item of Hospital Service not specifically set forth in this Contract or for:

.    .    .    .    .

"d. Any occupational condition, ailment or injury arising out of and in the course of employment for which Benefits are available in whole or in part under the laws of the United States or any State or political subdivision thereof.

.    .    .    .    .

"h. Benefits under this Contract to the extent a Member is entitled to such Benefits from any agency of the United States, or any State Agency, or any political subdivision thereof."

Construction of a written contract to determine its legal effect is a question of law for the court to decide. *Metcalf v. Security International Ins. Co.,* 261 N.W.2d 795 (N.D.1977); *Floyd v. Ring Const. Corp.,* 165 F.2d 125 (8th Cir. 1948). Thus, the trial court's interpretation of the insurance policy involved a question of law, and this court will independently examine and construe the policy to determine whether the trial judge erred in his interpretation of the policy.

The trial court concluded that the group insurance policy unambiguously excluded Blue Cross liability, under the facts of this case, where the North Dakota Workmen's Compensation Bureau has paid, in full, for the costs of the services provided to the insured. We agree. Upon a careful examination of the insurance contract in this case, we conclude that the provisions of the policy (which we have quoted previously in this opinion) express a clear intent to prevent an insured member from receiving double coverage for the services rendered.

In accordance with Article II(I)(1)(d) of the group insurance contract, Blue Cross incurs no liability for services provided to an insured member for occupational injuries when those services are paid for pursuant to the laws of the State. Ranes was in-

jured while working in his capacity as a self-employed farmer-rancher, and the Workmen's Compensation Bureau, accordingly, paid for the ambulance and hospital services rendered to Ranes under the terms of his employers workmen's compensation contract. Thus, Blue Cross was not liable for the services provided to Ranes which were paid for by the Workmen's Compensation Bureau.

■ Stetson asserts that the liability exclusion provision is inapplicable because Ranes was injured while he was engaged in his occupation as a self-employed farmer-rancher, and not while working within the scope of his employment with Clark Equipment Company. Stetson's assertion disregards the fact that the liability exclusion provision in the insurance policy [Article II(I)(1)(d)] is not limited to injuries arising out of the insured member's employment with Clark Equipment Company. The exclusion, rather, expressly pertains to "Any occupational . . . injury arising out of and in the course of employment for which Benefits are available . . . under the laws of . . . any State . . .".

■ Stetson further asserts that the liability exclusion provision is inapplicable because Ranes received the workmen's compensation payment pursuant to a voluntary private contract of employers workmen's compensation coverage between Ranes and the North Dakota Workmen's Compensation Bureau. He contends that the payments, therefore, were not received "under the laws of . . . any State" so as to fall within the exclusion provision of the group insurance contract. Stetson's assertion is unpersuasive. Ranes's workmen's compensation coverage was secured pursuant to Chapter 65–07, N.D.C.C., which grants self-employed persons the right to contract with the Bureau for insurance protection. Thus, Ranes's workmen's compensation coverage was made available to him and was secured by him under the laws of North Dakota, and the liability exclusion provision of the group insurance contract was, therefore, applicable.

■ This court has stated that any ambiguity or reasonable doubt as to the meaning of an insurance policy is to be construed strictly against the insurer and in favor of the insured. *Henson v. State Farm Fire and Casualty Co.,* 252 N.W.2d 200 (N.D. 1977). Nevertheless, when the language of an insurance policy is clear and explicit, the language should not be strained in order to impose liability on the insurer. *Tennefos v. Guarantee Mutual Life Co.,* 136 N.W.2d 155 (N.D.1965). We conclude that, pursuant to the terms of the group insurance policy, Blue Cross was not liable for the services received by Ranes which were paid for, in full, by the Workmen's Compensation Bureau. We hold that the trial court did not err in its interpretation of the insurance policy. Accordingly, the judgment of the trial court is affirmed.

ERICKSTAD, C. J., and PAULSON and SAND, JJ., concur.

PEDERSON, Justice, dissenting.

The only questions in this case are (1) whether the language in Article II(I)(1)(d) is ambiguous and (2) whether a person who has a full-coverage Blue Cross policy is entitled to the reasonable expectation that should he fall and be injured his ambulance and hospital expenses will be paid by Blue Cross.

Article II(I)(1)(d) states: "The Member shall not be entitled to any item of Hospital Service . . . for . . . any . . . injury arising out of and in the course of employment for which Benefits are available in whole or in part under the laws of the United States or any State or political subdivision thereof."

A statement is ambiguous when: it admits of two or more meanings, it is capable of being understood in more than one way, there is uncertainty of meaning or significance or of position in relation to something or somebody else, or it is possible to maintain two or more logically incompatible beliefs or attitudes at the same time or alternately. See, Webster's Third New International Dictionary, Unabridged, 1971.

"An ambiguity exists when good arguments can be made for either of several contrary positions as to the meaning of a term, . . ." *Kruger v. Soreide,* 246 N.W.2d 764, 768 (N.D.1976).

See also, *In re Estate of Johnson,* 214 N.W.2d 112 (N.D.1973), and *In re Tonneson's Estate,* 136 N.W.2d 823 (N.D.1965).

One could make a good and logical argument that the quoted Blue Cross policy provision excludes everyone who is self-employed, whether or not they have elected to carry self-employed workmen's compensation coverage—because *benefits are available* under the Workmen's Compensation Laws of North Dakota for all self-employed persons who have not been refused under § 65–07–02, NDCC. It is likewise possible to reach the completely opposite conclusion that, because Ranes was a *voluntary* participant in workmen's compensation coverage, the benefits available to him are not *under the laws,* but pursuant to a private contract. The ambiguity is obvious.

The majority relies upon a statement found in *Tennefos v. Guarantee Mutual Life Co.,* 136 N.W.2d 155, 157 (N.D.1965), that "the language should not be strained in order to impose liability [upon] the insurer." To place that quotation in its proper context, the "language" referred to was the word "or." The word "or" was present in an exclusionary clause, and the appellant in that case sought to read the exclusionary clause without that crucial conjunction. The quotation from *Tennefos* is good law, but is simply not a proper comment in the instant case.

The ambiguity ought to have a significant relationship to the circumstances of the case before us before we arbitrarily declare that the exclusion is ineffective. Thus an ambiguity that couldn't possibly mislead anyone, or couldn't possibly be the basis for a misguided, reasonable expectation, should be ignored. In this case the ambiguity is significant and relates directly to the problem at hand. Under the theory of the majority or minority in *Mills v. Agrichemical Aviation, Inc.,* 250 N.W.2d 663 (N.D.1977), Blue Cross should pay for the hospital costs incurred when Ranes was injured.

The fact that payment by Blue Cross would lead to a double recovery can be no bar to this decision. Certainly Blue Cross may, by contract, prevent such a result with a properly drawn clause of exclusion or subrogation. Here, in an attempt to exclude too much, Blue Cross succeeds in excluding nothing.

Although the argument of the majority is based on Article II(I)(1)(d), two other portions of the policy are described as "relevant," and as expressing "a clear intent to prevent an insured member from receiving double coverage." Those two portions are quoted in the majority opinion. They are more properly read as reflecting an intent to prevent an insured member from receiving double coverage *in certain circumstances.* Those circumstances are not present in this case.

The first provision, Article II(H)(1), says that the limitation applies only "if a member is eligible for Benefits under any other group, blanket or franchise plan, . . ." and, if so, benefits under the Blue Cross and Blue Shield contracts "will be coordinated according to regulations established by the North Dakota Insurance Commissioner." The evidence in this case was by stipulation, and contains nothing as to any coordination under regulations of the Insurance Commissioner. More importantly, the policy under which Ranes claims benefits is not a "group, blanket or franchise plan"—it is an individual contract of a self-employed person with the Workmen's Compensation Bureau. Therefore, by its own terms, the "Coordination of Benefits" provisions of the policy cannot be applied to the facts before us. See § 26–26–15, NDCC.

The second extraneous policy provision cited by the majority opinion as relevant is that which excludes payment "to the extent a Member is entitled to such Benefits from . . . any state agency."

The benefits claimed by Ranes are claimed under a private contract between him and a state agency, the Workmen's

Compensation Bureau. He made an individual contract with the Bureau, as a self-employed person, a contract which he could not demand as a right and which the Bureau could have declined to enter into. Chapter 65–07, NDCC. The parties entered into a contract which adopted the schedule of benefits of the Workmen's Compensation Bureau as the amounts to be paid in case of injury. The benefits payable in case of injury were therefore due because of contract, not state law. If such payments are payable because of state law, so are the payments from any private life or accident insurance company, since they are licensed by the state and are required, under state law, to comply with their voluntary contracts. The judgment should be reversed.

Vogel, J., joins this dissent.