**Danny MOORE, Administrator of the Estate of Olive Moore, Deceased, Appellant,**

v.

**COMMONWEALTH LIFE INSURANCE COMPANY, Appellee.**

No. 87–CA–706–S.

Court of Appeals of Kentucky.

Oct. 21, 1988.

Leo A. Marcum, McCoy, Marcum & Triplett, Inez, Ky., for appellant.

Mitchell D. Kinner, Francis, Kazee & Francis, Prestonsburg, Ky., for appellee.

Before HOWARD, LESTER and WEST, JJ.

WEST, Judge.

This is an appeal from findings of fact, conclusions of law, and a judgment in favor of the defendant in an action for breach of an insurance contract.

On October 19, 1971, the plaintiff's decedent, Olive Moore, purchased an insurance policy to cover expenses associated with hospitalization and treatment of cancer. On December 4, 1984, Olive Moore died, after incurring medical expenses in excess of $18,000. Appellant, the administrator of her estate, filed this action when Commonwealth Life Insurance refused to pay the

claim. The insurer relied upon a provision in the policy which states that:

> Cancer shall mean leukemia or any form of malignant growth which is positively diagnosed as cancer (malignant Neoplasms) by a licensed Doctor of Medicine or Osteopathy, other than yourself, *based upon a bioptic examination performed by a recognized pathologist.* (Emphasis added.)

Quite simply, the testimony of Dr. Nelson, the treating physician, was that while a biopsy was attempted, the results of that procedure were normal due to inability to reach the cancerous tissue. Dr. Nelson testified that Ms. Moore died from lung cancer but, that to reach the tissue from the affected area would have involved a procedure that he did not believe she could have survived.

The trial court relied upon the testimony of the pathologist, Dr. Prasher, to the effect that the biopsy did not reveal any cancer, and held under the language of the policy that appellant could not recover from the medical expenses incurred by Olive Moore. However, Dr. Prasher stated that she could not offer any diagnosis, that her findings were based solely on interpretation of the tissue specimen, and that she deferred to Dr. Nelson's diagnosis which was based upon a combination of factors.

■ We disagree with the trial court's decision in this case. It is true, as stated in the judgment below, that the courts cannot make a new contract for the parties to an insurance contract, but must define an insurer's liability according to the terms and conditions of the policy. *Cheek v. Commonwealth Life Insurance Co.*, 277 Ky. 677, 126 S.W.2d 1084 (1939). However, restrictive interpretation in a standardized adhesion contract such as this is not favored. *Woodson v. Manhattan Life Insurance Co.*, Ky., 743 S.W.2d 835 (1987). In *Woodson, supra,* our Supreme Court noted that under the "doctrine of reasonable expectations," an insured is entitled to all the coverage he may reasonably expect to be provided under the policy. *Id.* at 839.

It was certainly reasonable for the insured to believe when she purchased this cancer insurance policy that its provisions would insure her and her family against the costs of treating this debilitating illness. As stated in *Johnson v. American Family Life Assurance Co. of Columbus,* (Colo.Dist.), 583 F.Supp. 1450 (1984).

> [A]n insurance company should not be allowed to collect premiums by stimulating a reasonable expectation of risk protection in the mind of the consumer, and then hide behind a technical definition to snatch away the protection which induced the premium payment. *Id.* at 1453.

■ Under the language of this policy, even an autopsy confirming cancer as the cause of death would not fall within the technical definition and allow for recovery of benefits. To require a biopsy to be performed as proof of cancer where the patient's life would be endangered by doing so is ludicrous. We hold that under the facts of this case, the insured was excused from furnishing the "positive diagnosis based on a pathology report" as required by the terms of the policy, because of the risk involved to the patient. *See, e.g., Dixie Nat'l. Life Ins. Co. v. Allison,* (Miss.) 372 So.2d 1081, at 1084 (1979). Clearly, the failure to comply with the condition was justifiable and did not arise from negligence of the insured. *Dixie Nat'l., supra* at 1084. Furthermore, it has been held that impossibility of performance excuses literal compliance with policy provisions regarding proof of disability. 13A Couch on Insurance 2d (Rev. ed.) (1982) § 49A.274.

On the other hand, we believe it remains for the trier of fact to determine whether the insured has furnished sufficient proof to establish the cause of action on this policy. While failure to comply with the requirements of the policy may be excused under facts clearly showing the excuse is justifiable, it is still incumbent upon the insured to present satisfactory proof of the disability for which he was insured. Accordingly, we reverse and remand this cause for the factfinder to determine whether the medical expenses incurred by Ms. Moore were for the care and treatment of cancer.

The judgment is REVERSED.

Further, pursuant to CR 76.15(3)(A), the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure for further appellate steps, is reinstated effective the date of this opinion.

All concur.