NICKELL, JUDGE:
Alicia Ritchie and Jane Doe appeal from decisions of the Franklin Circuit Court denying certain coverage under Breathitt County Board of Education's insurance policy with Kentucky School Board Insurance Trust (hereinafter referred to as KSBIT). Appellants argue coverage was available for Charles Mitchell and the exclusions relied upon by KSBIT to deny coverage are void. KSBIT argues the exclusions were valid and coverage was properly denied. Finding no error, we affirm.
The underlying action is a declaratory judgment action relating to insurance coverage for damages sustained by Jane Doe. The damages relate to a sexual relationship between Mitchell, a former teacher at Sebastian Middle School in Jackson, Kentucky, and Jane Doe, an underage student at the school. Appellees Arch Turner, David Napier, Michael Bowling, and Reggie Hamilton were administrators with the Breathitt County Board of Education at the time of the illicit affair. The underlying cause of action against Mitchell and the school administrators was originally brought in Breathitt Circuit Court. Appellants filed the declaratory action in that court; however, it was transferred to Franklin Circuit Court.
This action was brought because the Breathitt County Board of Education purchased insurance from KSBIT. Appellants claim an endorsement to the policy, entitled SEXUAL MISCONDUCT, ABUSE OR MOLESTATION LIABILITY COVERAGE ENDORSEMENT, covers Mitchell *148 for the damages he inflicted on Jane Doe. The endorsement provides coverage for a "wrongful act," which is defined in the endorsement as:
actual or alleged liability of a member for causing or failing to prevent any actual or alleged "sexual offense", including, but not limited to actual or alleged negligent hiring, employment, placement, training, supervision, investigation, retention or transfer or recommendation or referral of any person whose conduct results in or is alleged to have resulted in "sexual offense"; or actual or alleged negligent reporting or failure to report to proper authorities any person whose conduct results in or is alleged to have resulted in "sexual offense".
"Sexual offense" is defined in the endorsement as "an act or a series of related acts of sexual misconduct, abuse or molestation, including actual, attempted or alleged sexual conduct by a person or by persons acting together." When read together, the endorsement provides coverage for any member accused of causing or failing to prevent any act of sexual misconduct, abuse, or molestation. At first blush, it appears Mitchell would be entitled to coverage; however, we must also examine the exclusions contained in the endorsement.
Two exclusions are relevant to this case. The endorsement indicates coverage does not apply to "[a] 'wrongful act' arising out of a criminal act, including, but not limited to any 'sexual offense' committed or participated in by a 'Member'[1] or any person for whom the member is legally responsible." Coverage is also excluded if there is a "[w]illful violation of a penal statute or ordinance committed by or with the consent of the Member." KSBIT denied coverage to Mitchell based on the two exclusions. The trial court in the declaratory action agreed the two exclusions denied Mitchell coverage under the policy because his actions were criminal acts and violated numerous penal statutes. This appeal followed.
"It is well established that construction and interpretation of a written instrument are questions of law for the court. We review questions of law de novo and, thus, without deference to the interpretation afforded by the circuit court." Cinelli v. Ward , 997 S.W.2d 474, 476 (Ky. App. 1998) (citations omitted).
It is axiomatic that "the terms of an insurance contract must control unless [they] contraven[e] public policy or a statute." Cheek v. Commonwealth Life Ins. Co., 277 Ky. 677, 126 S.W.2d 1084, 1089 (1939). "[C]ourts cannot make a new contract for the parties under the guise of interpretation or construction but must determine the rights of the parties according to the terms agreed upon by them." Id.
Meyers v. Kentucky Med. Ins. Co. , 982 S.W.2d 203, 209-10 (Ky. App. 1997). Thus, we "must define an insurer's liability according to the terms and conditions of the policy." Moore v. Commonwealth Life Ins. Co. , 759 S.W.2d 598, 599 (Ky. App. 1988). "Terms used within insurance contracts 'should be given their ordinary meaning as persons with the ordinary and usual understanding would construe them.' " Sutton v. Shelter Mut. Ins. Co. , 971 S.W.2d 807, 808 (Ky. App. 1997) (quoting City of Louisville v. McDonald , 819 S.W.2d 319 (Ky. App. 1991) ).
Appellants argue Mitchell is entitled to coverage under the insurance endorsement *149 because the exclusions at issue make the coverage illusory; therefore, the exclusion should be deemed void.
"[I]llusory coverage" is still discussed in terms of coverage that is at least implicitly given under its provisions and then taken away, whether by virtue of a prohibition or exclusion contained in the same policy, or by virtue of a strict legal definition (i.e., the definition of a "partnership" or "corporation"). Thus, in the words of one court, "the doctrine of illusory coverage is best applied ... where part of the premium is specifically allocated to a particular type or period of coverage and that coverage turns out to be functionally nonexistent."
Sparks v. Trustguard Ins. Co. , 389 S.W.3d 121, 129 (Ky. App. 2012) (citation omitted). Appellants claim all acts of sexual misconduct, abuse, and molestation are criminal acts; therefore, if all criminal acts result in an exclusion of coverage, there would never be coverage.
We reject the notion the exclusions make the coverage illusory. Insurance companies have the "unquestioned right to insert as many reasonable provisions in the policy exempting them from liability as they [think] proper or necessary." Heltsley v. Life & Cas. Ins. Co. , 299 Ky. 396, 400, 185 S.W.2d 673, 675 (1945) (quoting Spring Garden Ins. Co. v. Imperial Tobacco Co. , 132 Ky. 7, 116 S.W. 234 (1909) ). If these exclusions exempted from coverage all employees of the Breathitt County Board of Education whose actions or inactions caused or failed to prevent Jane Doe's sexual abuse, then the coverage would be illusory. However, such is not the case here as the two exclusions highlighted do not negate all coverage.
As the trial court held, and KSBIT conceded, only the criminal perpetrator is excluded from coverage. Any other employees of the Breathitt County Board of Education would still be covered if their negligent hiring, supervision, investigation, or other acts or omissions caused or resulted in a sexual offense. To put it another way, the administrators named in the underlying Breathitt Circuit Court case would be covered by this policy endorsement. Because other employees of the Breathitt County Board of Education are still covered by this endorsement, the coverage is not illusory or "functionally nonexistent." Sparks , 389 S.W.3d at 129 (citation omitted). The terms of the policy are unambiguous and the trial court did not err in finding Mitchell was excluded from coverage.
Appellants also argue public policy supports finding coverage for Mitchell to allow Jane Doe to recover from KSBIT. While the abuse suffered by Jane Doe is horrible and a monetary recovery would undoubtedly aid in her recovery, KSBIT did not injure Jane Doe. To force KSBIT to cover Mitchell and potentially pay damages to Jane Doe for actions it specifically excluded from coverage would be unjust. See Goldsmith v. Physicians Ins. Co. of Ohio , 890 S.W.2d 644 (Ky. App. 1994).
One final issue is before us on appeal. Appellees Turner, Napier, Bowling, and Hamilton, school administrators named in the underlying suit, argue they are improperly before this Court. They claim the declaratory action only involved Mitchell's coverage under the KSBIT policy and they should be dismissed from this appeal. KRS 2 418.075 states "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration[.]" Appellants indicate in their *150 brief they named these appellees out of an abundance of caution.
We agree with Appellees. They are not necessary parties to this appeal because it concerns only Mitchell's coverage under the KSBIT policy and our ruling has no effect on them. A separate order will be entered dismissing these parties from the appeal.
Based on the foregoing, we affirm the judgment of the Franklin Circuit Court.
ALL CONCUR.

Member is defined as "the Educational Entity named in the Declarations and all elected and appointed board members, superintendents, employees, including student teachers, and authorized volunteers performing duties for the Educational Entity."