HANOVER INSURANCE COMPANY,
Appellant,

v.

Ernest Leroy NAPIER, Jr. and Kevin
Matthews, Appellees.

and

HANOVER INSURANCE COMPANY,
Appellant,

v.

Kevin MATTHEWS and Ernest Leroy
Napier, Jr., Appellees.

Court of Appeals of Kentucky.

June 18, 1982.

As Modified on Denial of Rehearing
Aug. 27, 1982.

Armer H. Mahan, Jr., Louisville, for appellant.

Nicholas N. King, Louisville, for appellees.

Before GANT, HOGGE and WINTERSHEIMER, JJ.

HOGGE, Judge.

Two appeals by Hanover Insurance Company from decisions of the Jefferson Circuit Court are before us in this proceeding. In 81–CA–1853–MR, Hanover appeals from a judgment of the Jefferson Circuit Court holding that its policy provided liability coverage for the acts of the appellee, Ernest Leroy Napier, Jr. On February 26, 1978, appellee Kevin Matthews was injured when a gun held by Ernest Leroy Napier, Jr. discharged. Hanover had issued a policy of liability coverage to the appellee Napier's parents, Ernest L. Napier, Sr. and Mildred Napier, which provided coverage for relatives of the named insured residing in their household.

On appeal, it is asserted that during the trial the court erroneously refused to permit the appellant to file and play back to the jury a recorded statement of Ernest Leroy Napier, Jr. which the appellants contend would have been evidence that young Napier was not a resident of his parent's household. The appellant further contends

that the court erred by utilizing the article "a" before the word "household" in the instructions.

A second appeal, 81–CA–2235–MR, has been filed by Hanover, in which Hanover contends that the failure of the trial court to grant it a new trial was reversible error.

■ The appellant contends that the extrajudicial statements of Ernest Leroy Napier, Jr., as recorded, constitute the admission of a party and that the trial court should have permitted them to be introduced into evidence by appellant, Hanover Insurance. The appellee argues that the statements were not admissible as they were not to be used against Napier, but rather would simply have had the purpose of contradicting Matthews.

The appellant sought to introduce the recorded statements as rebuttal to the statements of Kevin Matthews. They would have been introduced by a Mr. Brock, who did not himself tape the statement. There was no suggestion that anyone familiar with Ernest Napier, Jr.'s voice would testify to identify the voice on the tape as his, or no offer of evidence which would have established the entire chain of custody of the tape, and the accuracy of the tape recording. Aside from any question which may have existed as to the admissibility of the type of evidence offered, it is our opinion that an adequate foundation for admission of the tape into evidence was not laid, and that the trial court did not err in excluding it. *Probus v. Bohannon*, Ky., 416 S.W.2d 741 (1967); *Williams v. Commonwealth*, Ky., 602 S.W.2d 148 (1980).

■ The appellant contends that by placing the word "a" before "household" in the instructions rather than "the" the trial court erred and the case should be reversed. The policy in this case simply refers to "residents of the named insured's household." Instruction One inquired whether the jury believed from the evidence that on February 26, 1978, Ernest Leroy Napier, Jr. was a member of *a* household of Ernest Leroy Napier, Sr. and Mildred Napier. The word "a" is an indefinite article, referring

to "one or any one." *Ballentine's Law Dictionary* (1969 ed.). Thus the effect of the trial court's selection of the article "a" rather than "the" was to indicate to the jury that the insured could possibly have more than one household. This was quite significant in the case before us, as Mr. and Mrs. Ernest Napier, Sr. were the owners of both the house in Louisville where Ernest Napier, Jr. resided, and a house at Wax, Kentucky. At the trial Mr. and Mrs. Ernest Napier, Sr. attempted to establish that they no longer resided in the Louisville home for which they charged their son rent, but had moved their place of residence to Wax, Kentucky in October, 1977. Kevin Matthews testified that the Napiers still had furniture at the Louisville residence and that he had seen Mrs. Napier there during the Christmas season of 1977.

We are unaware of any case decided by a Kentucky court interpreting the word "household" so as to indicate whether it can encompass more than one dwelling, and neither party to this case has cited any Kentucky case on the issue. The parties primarily base their arguments on out-of-state authorities. Although there is authority for the position that "household" can refer to more than one dwelling, *see Mazzilli v. Accident & Casualty Insurance Company of Wintertheir, Switzerland,* 35 N.J. 1, 170 A.2d 800 (1961); *State Farm Mutual Automobile Insurance Company v. Holloway,* 10th Cir. 423 F.2d 1281 (1970), in examining the law we find that the majority of cases hold that the word household applies to persons dwelling together as a family under the same roof. *Universal Underwriters Insurance Company v. Johnson,* 110 N.W.2d 224 (N.D.1961); *Ocean Accident & Guaranty Company v. Schmidt,* 46 F.2d 269 (6th Cir.1931); *Hartford Accident & Indemnity Company v. Casualty Underwriters, Inc.,* 130 F.Supp. 56 (D.C.Minn.1955); Annotation, 93 A.L.R.3d 420 (1979); Annotation, 96 A.L.R.3d 804 (1979).

We adopt this majority view, and we hold that the trial court erred in substituting the word "a" for "the" preceding household in the instructions, or in any way indicating that the word "household" could indicate

several pieces of property. In so doing, we note that even *Mazzilli, supra,* on which the appellee relies, while accepting the concept of more than one dwelling comprising the household, spoke of *the* household as one specific entity. (*Mazzilli* involved two buildings in one location in which family members circulated freely back and forth.) We hold that this error in the instructions was prejudicial and requires reversal of the case. *See Cardwell v. Haycraft,* Ky., 268 S.W.2d 916, 918 (1954) in which an incorrect selection between the articles "the" and "a" in instructions in an automobile negligence case resulted in reversal.

In view of our holding on this issue and the resulting necessity of a new trial, the issue raised by the appeal in File No. 81–CA–2235–MR, pertaining to failure to grant a new trial need not be reached. The judgment of the Jefferson Circuit Court is reversed and the case is remanded for a new trial under proper instructions.

All concur.