KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant,

v.

Doyle GRAY, Appellee.

No. 90–CA–1286–MR.

Court of Appeals of Kentucky.

Sept. 13, 1991.

Darrell L. Saunders, Corbin, for appellant.

Kenneth M. Boggs, Barbourville, for appellee.

Before EMBERTON, HAYES and WILHOIT, JJ.

HAYES, Judge:

The precise issue presented to us is whether Doyle Junior Gray was a resident in his mother's household when he was injured in an automobile accident. Under the facts of this case, we conclude that he was not, and the trial court erred in finding otherwise. However, Doyle alternatively asserts that he was, in any event, an occupant/user of the vehicle when the accident occurred, and was thus covered by his mother's policy. We concur with that assertion.

On August 18, 1986, Doyle was driving his mother's automobile when he stopped to render aid to a stranded motorist, Darrell Gray (no relation). Darrell was driving a truck belonging to Ford Rouse. Because

neither person had jumper cables, Doyle was obliged to take the battery from his mother's car and temporarily place it in Darrell's truck. After the truck was started, Doyle removed the battery and began to reinstall it in his mother's car. Darrell slammed the hood of his truck, causing it to pop out of gear and roll backwards, pinning Doyle between the vehicles and breaking his leg.

Neither Darrell nor Rouse was insured. Thus, Doyle sought benefits under the uninsured motorist provisions of his mother's insurance policy. Farm Bureau declined to pay, specifically asserting that Doyle was not covered under her policy because he was not, at the time of the accident, a member of his mother's household. The trial court disagreed, ruling that Doyle was indeed a resident. Thereafter, the case went to jury trial and judgment was awarded in Doyle's favor.

■ On appeal we are asked to consider the correctness of the trial court's conclusion that Doyle was a resident of his mother's household. The evidence in this case clearly demonstrated that he was not. Doyle married and moved from the home of his parents in October, 1985, many months before the accident. He and his wife lived in a mobile home adjacent to his parents' house. The land on which both were located was rented to his parents by his cousin. Doyle purchased the mobile home he lived in from his brother. He testified that his parents occasionally helped with gifts of food and money and allowed him to tap into their electricity and use their water pump, but conceded that, at the time of the accident, he was gainfully employed and was supporting himself and his wife. Immediately after the accident, Doyle submitted an application for benefits to his mother's insurance company. On the form, he indicated that he was not a member of his mother's household.

In Kentucky, the term "household" has, for insurance purposes, been generally defined as "persons dwelling together as a family under the same roof." *Hanover Insurance Co. v. Napier*, Ky.App., 641 S.W.2d 47 (1982). We are aware that this term is, in many jurisdictions, considered ambiguous, and therefore liberally construed in accordance with the policy of interpreting unclear terms in favor of the insured. Annotation, 93 A.L.R.3d 420. However, even a generous interpretation of the facts in the case at bar cannot yield the result desired by Doyle. At the time of the accident he was married and living physically apart from his parents on land not owned by them. He was self-supporting. Doyle himself did not believe that he was a resident of his mother's household, as evidenced by his application for insurance benefits. Thus, we believe the trial court erred in concluding that Doyle was a member of Shirley Gray's household.

■ However, Doyle also argues that, resident of his mother's household or not, he was nonetheless covered under her policy. He directs us to a section of the policy which defines those "insured" as including, "[a]ny other person while occupying an insured automobile...." Doyle asserts that he was, in any case, occupying the vehicle when he was injured. We agree.

■ The uncontroverted facts are that Doyle was driving his mother's car, stopped to render aid to a stranded motorist, and was struck by that motorist's truck while returning his temporarily disabled vehicle to a drivable condition. This case is analogous to *State Farm Mutual Automobile Ins. Co. v. Kentucky Farm Bureau Mutual Ins. Co.*, Ky.App., 671 S.W.2d 258 (1984). There, the decedent was attaching a towline from his own disabled vehicle to a vehicle directly in front of his, when a truck struck the rear of his vehicle, pinning and killing decedent. Our Court pointed out that the No–Fault Act excludes from the statutory definition of "use of a motor vehicle" only acts of repairing, servicing or maintaining vehicles *as a course of business.* KRS 304.39–020(6). By implication, our Court reasoned, all other acts of repairing, servicing or maintaining vehicles must necessarily be *included* within the definition. Inasmuch as Doyle was in the act of replacing the battery in his mother's car when injured, under the logic of *State Farm*, he was "using" her vehicle. As for

Farm Bureau's contention that "use" differs from the language of the policy, which purports to cover only persons "occupying" the vehicle, we would point out that, by statute, insurers are required to offer uninsured motorist coverage to all insureds, including those injured while "using" their vehicles. KRS 304.20–020. Our No–Fault Act's definition of using a motor vehicle specifically includes the state of occupation of that vehicle. KRS 304.39–020(6). Farm Bureau certainly cannot, by language of its policy, attempt to provide coverage less broad than that required by the statute. Farm Bureau vehemently argues that Doyle may not offer this alternate ground for affirmance to us, because such was neither raised nor considered by the parties in the court below. However, we, as an appellate court, may affirm the trial court for any reason sustainable by the record. *Richmond v. Louisville & Jefferson County MSD*, Ky.App., 572 S.W.2d 601 (1978).

■ Even assuming arguendo that the language of the insurance policy controls, we believe that Doyle would still be covered. As stated, the policy provides coverage to any person injured while occupying the vehicle. Occupying is defined by the policy as "in or *upon* or entering into or alighting from" the vehicle. (Emphasis ours). We are of the opinion that Doyle was, while replacing the battery, "upon" the vehicle as contemplated by the policy's own language.

In summary, we conclude that the trial court erred in finding Doyle to be a resident of his mother's household on the date of his accident. Regardless, we further conclude that he was covered by Shirley Gray's insurance policy because, at the time of his injury, he was using or occupying the vehicle as is contemplated by Kentucky's No–Fault Act. Thus, the judgment of the Knox Circuit Court is affirmed.

All concur.