Margaret SUTTON, individually and as Administratrix of the Estate of Ollie Marie Sutton; James Sutton; and Kelly Finley, Appellants,

v.

SHELTER MUTUAL INSURANCE COMPANY and Kentucky Farm Bureau Insurance Company, Appellees.

No. 96–CA–1091–MR.

Court of Appeals of Kentucky.

June 27, 1997.

Rehearing Denied Oct. 3, 1997.

Discretionary Review Denied by Supreme Court April 8, 1998.

Dwight Preston, Elizabethtown, for appellants.

Harold Wayne Newton, Hawesville, for appellee, Shelter Mut. Ins. Co.

M. Brent Hall, Reford H. Coleman, Elizabethtown, for appellee, Kentucky Farm Bureau Mut. Ins. Co.

Before ABRAMSON, COMBS and SCHRODER, JJ.

*OPINION*

SCHRODER, Judge.

Appellants appeal from an order of the Breckinridge Circuit Court granting appel-

lees summary judgment in an action filed by Margaret Sutton, individually and as administratrix of the estate of her minor daughter, and a third-party complaint filed by Kelly Finley seeking a declaration of his rights concerning insurance coverage. We affirm as to the latter award of summary judgment but reverse as to the former.

Ollie Sutton was a 17–year–old girl who died as a result of being run over by a farm wagon. Kelly Finley, a 26–year–old man, was driving the tractor pulling the farm wagon. Both the tractor and wagon were owned by Kelly's father, Elliot Finley. At the time of the accident, Kelly lived in a mobile home located on his father's property. Elliot, his wife, and younger children lived in a separate house. Elliot had a farmowner's policy with Shelter Mutual Insurance Company (Shelter). The policy defines "insured" as:

(a) **you;**

(b) **your** relatives residing in **your** household[.] (Emphasis original.)

The policy does not define "household."

The Suttons brought an action against Kelly, among others, and later amended their complaint to add Kentucky Farm Bureau Mutual Insurance Company (KFB) as a defendant for possible uninsured motorist coverage. Kelly brought a third-party complaint against Shelter, claiming it had a duty to defend the action against him. Both carriers moved for summary judgment,[1] which the court below granted.

The court determined that Kelly was not a member of Elliot's household, and thus was not a covered insured under the policy. In so finding, the court relied on the facts that Kelly was 26 years old, lived in a mobile home owned by his father and located on his father's land, occasionally worked for his father, and owned livestock kept on his father's farm. The court also found *Hanover Insurance Co. v. Napier,* Ky.App., 641 S.W.2d 47 (1982) (wherein this Court adopted the ma-

jority view that "household" applies to persons dwelling together as a family under the same roof) and *Kentucky Farm Bureau Mutual Ins. Co. v. Gray,* Ky.App., 814 S.W.2d 928 (1991) (employing the *Napier* standard) to be dispositive of the issue.

Appellants now argue that the granting of summary judgment was improper because the term "household" is susceptible of two reasonable interpretations and thus presents a material question of fact for a jury to decide. Appellants stress that "household" is not limited to one dwelling and cites various cases from foreign jurisdictions which have decided the matter in a manner which would favor them. We disagree with appellants' argument.

■ In our opinion, the term "household" is unambiguous and easily enough understood. The mere fact that the appellants attempt to muddy the water and create some question of interpretation does not necessarily create an ambiguity. Terms used within insurance contracts "should be given their ordinary meaning as persons with the ordinary and usual understanding would construe them." *City of Louisville v. McDonald,* Ky. App., 819 S.W.2d 319 (1991). The 1981 New College Edition of *The American Heritage Dictionary of the English Language* defines household as "a domestic establishment including the members of a family and others living under the same roof." Further, *Black's Law Dictionary* 666 (5th ed.1979) defines household as "[a] family living together. [Cite omitted.] Those who dwell under the same roof and compose a family. . . . Term 'household' is generally synonymous with 'family' for insurance purposes, and includes those who dwell together as a family under the same roof. [Cite omitted.]" The trial court's determination is in keeping with cases in which this Court has defined "household" as "persons dwelling together as a family under the same roof." *Napier,* 641 S.W.2d at 48; *Gray,* 814 S.W.2d at 929.

1. Shelter actually moved to dismiss the complaint, but the trial court treated it as a motion

for summary judgment under CR 12.02.

Based on the undisputed facts, to find that Kelly was a member of Elliot's household would require us to abandon common sense. "[C]ourts should not make a different insurance contract for the parties by enlarging the risk contrary to the natural and obvious meaning of the existing contract." *Pierce v. West American Insurance Co.*, Ky.App., 655 S.W.2d 34, 36 (1983). Thus, we adjudge that summary judgment in favor of Shelter was proper. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, Ky., 807 S.W.2d 476 (1991).

The second argument appellants make is that KFB should not have been granted summary judgment. On that issue, the trial court ruled the tractor and farm wagon were both excluded from coverage under the KFB policy:

It is undisputed that, at the time of the accident, the trailer in question was being towed by a farm tractor, and that the driver, Defendant Kelly Finely [sic] was at that time engaged in a non-farm activity. This Court also notes that a review of the case file indicates that the trailer in question was primarily used in the capacity as a farm wagon.

The trial court looked to the definitions of "trailer" under the policy and KRS 304.39–020(7), which excludes farm tractors from the definition of "motor vehicle" under the Motor Vehicle Reparations Act and held:

In reviewing the policy in question, it is apparent that the uninsured motorist coverage section of the policy is inclusive as to the types of trailers covered, in that all trailers are covered. However, the definition section of the policy clearly limits the type of vehicle which can tow a trailer for purposes of insurance coverage. In the policy it is clearly stated that coverage exists if a farm wagon (the trailer in this action), is being towed only by a private passenger auto, pickup, or van. As a farm tractor was towing the trailer at the time of the accident, it is clear that the Plaintiffs cannot recover under this insurance policy with Defendant Farm Bureau.

Appellants maintain that a factual question as to whether the farm wagon is a trailer under the policy exists. They stress that one part of the policy defines "motor vehicle" as including a "trailer of any type," yet another portion defines "trailer" as a vehicle designed to be pulled by a private passenger auto, pick-up, or van, thus creating an ambiguity and rendering summary judgment inappropriate. We agree, and, therefore, reverse and remand.

The Definitions section at the front of the policy defines "trailer" as "a vehicle designed to be pulled by a: 1. Private passenger auto, or 2. Pickup or van. It also means a farm wagon or farm implement while towed by a vehicle listed in 1. or 2. above." Based on this language, it is clear that a farm wagon qualifies as a trailer only "while towed by" a private passenger auto or pickup or van. As the farm wagon was being towed by a tractor at the time of the accident, it does not meet the definition of "trailer."

However, the personal automobile policy encompasses, among other things, bodily injury, basic liability, collision, and uninsured motorist coverage. A separate premium is charged for each type of coverage. It is logical that terms may have different definitions depending upon the policy provision involved.

The provision relevant to this case is Part C of the policy which governs Uninsured Motorist Coverage. It defines an "uninsured motor vehicle" as a "land motor vehicle or trailer of any type[.]" (Emphasis original.) Since uninsured motorist insurance is intended to cover injuries sustained in accidents involving vehicles which are uninsured, it makes sense that the term "trailer," as used in Part C of the policy, is more inclusive than elsewhere in the policy. The modifying language "of any type" expands the definition of "trailer" beyond that given in the definition section at the front of the policy. Accordingly, we agree with appellants that summary judgment was improper on this claim.

Consequently, we affirm in part, reverse in part, and remand the order of the Breckinridge Circuit Court for further proceedings consistent with this opinion.

All concur.