RENDERED: JANUARY 6, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1229-MR

DAVID LEE FINK                                                        APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE OLU A. STEVENS, JUDGE
ACTION NO. 19-CI-003409

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT;
LOUISVILLE/JEFFERSON COUNTY
METRO ETHICS COMMISSION; AND
METRO COUNCIL MEMBER ROBIN
ENGEL                                                                APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; CETRULO AND K. THOMPSON,
JUDGES.[1]

---

[1] Judge Kelly Thompson authored this Opinion before his tenure with the Kentucky Court of Appeals expired on December 31, 2022. Judge Denise G. Clayton concurred in this Opinion prior to her retirement from the Court of Appeals. Release of this Opinion was delayed by administrative handling.

THOMPSON, K., JUDGE: David Fink, *pro se*, was dissatisfied with a rezoning decision by the Louisville/Jefferson County Metro Government's City Council (City Council). He believed the process was defective for a number of reasons, among them that Metro Council member Robin Engel should have recused himself from the zoning decision as he owned adjoining property to that which was rezoned. Fink sought redress by both filing an ethics complaint against Engel before the Louisville/Jefferson County Metro Ethics Commission (Ethics Commission) and filing an appeal of the zoning decision before the Jefferson Circuit Court. Ultimately the ethics complaint was dismissed, and Fink appealed this decision to the circuit court which dismissed his appeal; the zoning action remains pending and is not before us. We affirm the dismissal of Fink's appeal because his appeal lacked merit.

On January 22, 2018, the Louisville City Council unanimously approved the Louisville Metro Planning Commission's recommendation to change the zoning on a 6.31-acre tract of land located on Fairground Road in Jefferson County from R-4 Residential to PRD Planned Residential Development. Fink owns land adjoining that property as does Engel.

On March 14, 2018, Fink filed an appeal of the zoning change with the Jefferson Circuit Court.[2] That appeal includes claims of violation of procedural due process, conflicts of interest, fraud, and the violation of Section 2 of the Kentucky Constitution which provides the Commonwealth shall be free of arbitrary action. That litigation remains active as of the date of this Opinion and is not a subject of this appeal.

In April 2018, Fink lodged an ethics complaint against Engel with the Ethics Commission. Louisville/Jefferson County's code of ethics, the filing of ethics complaints, and the investigation and hearings of such matters by the Ethics Commission, are governed by the Louisville Metro Code of Ordinances (LMCO) 21.01 to 21.06. Once Fink made this complaint, his role had ended except as potentially being a witness in further proceedings. Filing a complaint with the Ethics Commission is akin to reporting a suspected crime to the police, not filing a complaint as a plaintiff in a civil lawsuit. At this juncture, the Ethics Commission would determine whether or not to investigate the allegations made in the complaint or dismiss it. If the Ethics Commission determined to investigate the allegations, it could then require Engel to respond, conduct a hearing, and to then determine whether any violation had taken place.

---

[2] *Fink v. Louisville/Jefferson County Metro Government*, No. 18-CI-001482; Jefferson Circuit Court Division Eleven (11).

Fink's ethics complaint alleged that it had been unethical for Engel to sit on the Metro Council Planning, Zoning and Annexation Committee while also owning property that is adjacent to property that was subject to rezoning. Engel filed an answer to the ethics complaint and Fink filed a motion to intervene. Fink's motion to intervene was not ruled upon by the Ethics Commission. The Ethics Commission ultimately voted to dismiss Fink's complaint by a final order entered on October 12, 2020.

Fink filed a petition for judicial review with the Jefferson County Circuit Court. The circuit court ordered the Ethics Commission to supplement the record by providing the rationale behind its decision to dismiss the complaint. The Ethics Commission did so by entering an amended order of dismissal which stated in relevant part that it had dismissed the complaint against Engel because:

> [A]ny financial gain or financial interest in the zoning changes did not result in an ascertainable increase in the net worth or income of Mr. Engel or if so, was only a *de minimis* benefit that may have accrued to Mr. Engel as those terms are defined by section 21.01 of the Ethics Code, which the Commission concludes was no more than any *de minimis* benefit that may have accrued to any other surrounding landowner.

LMCO 21.01 defines the term financial gain as "[a]n ascertainable increase in the net worth or income of a Metro Officer, family member or a related entity, which does not arise from a primary or proximate action by a Metro Officer

or a family member of a Metro Officer or where either no or only a *de minimis* benefit accrues to a Metro Officer or a family member of a Metro Officer."

As part of its amended order, the Ethics Commission also denied Fink's prior motion to intervene "because nothing in the Ethics Code allows a complainant to be named as a party to any complaint procedure of the Commission."

The circuit court ultimately dismissed Fink's petition by order entered September 10, 2021, finding that he had no standing to appeal the Ethics Commission's ruling as he was neither a party to the action nor a Metro Officer who could appeal an adverse finding as a matter of right pursuant to the ordinance.

Fink filed a motion to alter, amend, or vacate the order of dismissal which was denied, with the circuit court stating, "[t]he Plaintiff conflates subject matter jurisdiction and standing."

On appeal Fink argues that, while he may not have had statutory standing, he had constitutional standing to prosecute his petition for judicial review and asks us to remand his appeal back to the circuit court to "complete a judicial review." We decline to do so; even if Fink had been granted standing, any appeal from the Ethics Commission decision would be meritless.

It is well established that we may appropriately affirm the circuit court's decision for any reason sustainable by the record. *Kentucky Farm Bureau*

*Mut. Ins. Co. v. Gray*, 814 S.W.2d 928, 930 (Ky. App. 1991). It would be pointless to reverse so that Fink may be granted standing if the ultimate outcome in this case would not change.

We agree that the Ethics Commission appropriately dismissed the ethics complaint because Engel did not act unethically in voting on a zoning change to property adjoining his own which would have at best only a *de minimus* benefit to him. Fink's underlying appeal thereby lacks all merit.

Accordingly, the Jefferson Circuit Court's dismissal of Fink's petition for judicial review is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

David Lee Fink, *pro se*
Louisville, Kentucky

BRIEF FOR APPELLEES:

Michael J. O'Connell
Jefferson County Attorney

I. Joel Frockt
Assistant Jefferson County Attorney
Louisville, Kentucky