RENDERED:  DECEMBER 13, 2024; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0502-MR

TAYLOR CLARK                                                          APPELLANT

v.
APPEAL FROM KENTON CIRCUIT COURT
HONORABLE MARY K. MOLLOY, JUDGE
ACTION NO. 16-CR-00026

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, COMBS, AND EASTON, JUDGES.

EASTON, JUDGE:  We must determine whether an original felony charge, a misdemeanor conviction resulting from an amendment of that felony charge, or both may be expunged.  Specifically, the Appellant ("Clark") seeks expungement of his original charge of First-Degree Rape[1] as well as his misdemeanor conviction

---

[1] A Class B felony punishable by a prison term of ten to twenty years.  Kentucky Revised Statutes ("KRS") 510.040(1)(b), (2).

resulting from the amendment of that charge to Attempted Sexual Misconduct.[2]

The circuit court denied expungement.  We affirm the circuit court but for different

reasons[3] than those relied upon by that court.

## FACTUAL AND PROCEDURAL HISTORY

In 2016, Clark was indicted for First-Degree Rape.  While the case

includes a reported admission of sexual intercourse, the basis for lack of consent

was physical helplessness due to intoxication.  The case promised to include a

dispute about the level of intoxication and actual consent.  A physical injury

resulting from the incident was also an issue.

With the required input from the victim, the Commonwealth

ultimately agreed to amend the First-Degree Rape charge to Attempted Sexual

Misconduct to which Clark pled guilty.  By an Information, Clark agreed to be

charged with Fourth-Degree Assault[4] to which he also pled guilty.  The circuit

court sentenced Clark as agreed to a term of twelve months, conditionally

discharged for two years with the conditions that he engage in substance-abuse

---

[2] A Class B misdemeanor punishable by up to ninety days in jail or a fine or both.  KRS 510.140; KRS 506.010(1), (4)(e).

[3] "[W]e, as an appellate court, may affirm the trial court for any reason sustainable by the record." *Kentucky Farm Bureau Mut. Ins. Co. v. Gray*, 814 S.W.2d 928, 930 (Ky. App. 1991).

[4] A Class A misdemeanor punishable by up to twelve months in jail or a fine or both.  KRS 508.030.

treatment, sex-offender treatment, and have no contact with the victim. Clark successfully completed the conditional discharge.

In 2023, Clark filed an Application to Vacate and Expunge Felony Conviction[5] seeking to expunge the First-Degree Rape charge and the Attempted Sexual Misconduct conviction. The parties agreed that the misdemeanor conviction for Fourth-Degree Assault must be expunged,[6] and that issue is not before us. But the Commonwealth opposed the expungement of the original felony charge and the misdemeanor conviction resulting from the amendment of the felony charge.

On December 19, 2023, the circuit court entered an Order denying the expungement. On January 12, 2024, well past the ten days allowed for the filing of a motion under CR[7] 59, Clark filed a Motion to Reconsider Order Denying Application to Expunge Conviction. The Commonwealth filed a response to the

---

[5] The Administrative Office of the Courts ("AOC") provides a series of forms to be used for expungement purposes. The circumstances presented in some cases may call for more than one form. Clark used only form AOC-496.3.

[6] If a misdemeanor conviction may impact the penalty for a future crime because the future crime would be a second or subsequent offense, then the misdemeanor may not be expunged. KRS 431.078(4)(d). Because of the passage of more than five years, Clark's Fourth-Degree Assault conviction could not serve to enhance a subsequent conviction for the same crime. KRS 508.032. It also does not appear that the victim of the assault in this case was a member of Clark's family or a member of an unmarried couple with Clark. KRS 403.720(3), (6). The Commonwealth agreed to that expungement and does not now contend that there was any error by the circuit court in the expungement of the Fourth-Degree Assault conviction.

[7] Kentucky Rules of Civil Procedure.

Motion to Reconsider. The parties subsequently presented oral arguments to the circuit court on the reconsideration motion.

By Order entered in April of 2024, the circuit court again denied expungement of the Attempted Sexual Misconduct conviction and the First-Degree Rape charge. "This Court finds that the charge of Attempted Sexual Misconduct is subject to enhancement under KRS 510.015 and is therefore not expungable." The court further explained "the charge of Rape in the First Degree will not be expunged due to the circumstances surrounding the charge and the guilty plea entered by the Defendant." The court noted that the First-Degree Rape charge was not actually dismissed by the Commonwealth. Instead, the court found the rape charge was amended per plea agreement, and thus was not eligible for expungement. This appeal followed.

**STANDARD OF REVIEW**

This appeal turns on the application of law to the undisputed facts of how charges were initially brought and then ultimately resolved. Our review is *de novo*. *Commonwealth v. Davis*, 686 S.W.3d 167, 170 (Ky. 2024) (citing *Wieland v. Freeman*, 671 S.W.3d 253, 256 (Ky. 2023)). While expungement of felony convictions to the extent permitted by KRS 431.073 is permissive,[8] the statute governing dismissed felony charges makes expungement mandatory if the

---

[8] *See Walker v. Commonwealth*, 696 S.W.3d 51 (Ky. App. 2024).

prerequisites of the statute are met.[9]  Expungement of misdemeanor convictions is similarly mandatory.[10]  An order regarding expungement of felony charges is then reviewed under an abuse of discretion standard.  *Id*.  A trial court abuses its discretion when its decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles."  *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).  Thus, an error in the application of the law alone, such as a failure to comply with a mandatory statute, may result in an abuse of discretion.

## ANALYSIS

As an initial matter, the Commonwealth argues this appeal should be dismissed as Clark untimely filed his Motion to Reconsider the circuit court's original denial of expungement.  Pursuant to CR 59.05:  "A motion to alter or amend a judgment, or to vacate a judgment and enter a new one, shall be served not later than 10 days after entry of the final judgment."  The circuit court entered its first Order on December 19, 2023.  Clark filed a Motion to Reconsider on January 12, 2024.

---

[9] The statute uses the verb "shall."  KRS 446.010(39).

[10] KRS 431.078(1)(a), (4).  If expungement of "[a] series of misdemeanors . . . not arising from a single incident" is sought, which does not apply in this case, expungement is not mandatory. KRS 431.078(1)(b), (5).

In its brief to this Court, the Commonwealth points out that Clark was over two weeks late in filing his Motion to Reconsider, meaning the circuit court lost jurisdiction to amend its original Order. The Commonwealth contends that, as a consequence, the subsequent Order entered on April 3, 2024, was null and void.

The argument continues that the time for filing an appeal of the December 2023 Order was not tolled by the untimely CR 59 motion. Clark's Notice of Appeal was filed on April 29, 2024. RAP[11] 3(A)(1) requires an appeal be filed within 30 days of a final order. The Commonwealth now insists that Clark's appeal was not timely because it had to be filed within thirty days after entry of the December Order. The Commonwealth asks us to dismiss this appeal.

There are two related problems with this argument. First, the Commonwealth waived any objection to the lateness of the CR 59 motion. Second, the Commonwealth never brought the lateness of the motion to the attention of the circuit court.

It is true that the circuit court loses jurisdiction of a case after the passage of ten days without the filing of a CR 59 motion. But this is not a question of subject matter jurisdiction. It is a matter of particular case jurisdiction. The former may not be waived. The latter may be. *Goodlett v. Brittain*, 544 S.W.3d 656, 660-61(Ky. App. 2018).

---

[11] Kentucky Rules of Appellate Procedure.

The Commonwealth did not object to the late motion in writing or verbally. Instead, it responded to the merits of the motion and participated in an oral argument about it. An admitted error in the initial denial of expungement of the added Fourth-Degree Assault charge and conviction was one component of the decision to proceed with the late CR 59 motion. The Commonwealth waived the lack of particular case jurisdiction in these circumstances. It is incumbent on the opponent of a CR 59 motion to confirm the nature of the motion[12] and object to lateness of the motion if it is an untimely CR 59 motion.

Related to the first problem is the second. The Commonwealth did not argue the nature or timeliness of Clark's reconsideration motion before the circuit court and thus give that court the opportunity to decide any questions about the nature and timeliness of the motion. The Commonwealth did not preserve this argument. Other than subject matter jurisdiction, "[a] new theory of error cannot be raised for the first time on appeal." *Springer v. Commonwealth*, 998 S.W.2d 439, 446 (Ky. 1999).

We must now dive into the murky waters of Kentucky's expungement law. We should start with a recognition that expungement has been addressed

---

[12] CR 59 addresses attempts to alter, amend, or vacate a final decision. Attorneys often title such motions as motions to reconsider. Frequently, the substance of a motion may indicate some other basis for the court to act such as to request to correct a clerical error or even to seek relief under CR 60.02.

piecemeal over the years by our General Assembly ("Legislature"). This approach may have been necessitated by the balance to be reached between the removal of information to which the public arguably should have access and the legitimate purposes of expungement, which include the ability of reformed citizens to clear their records to enhance their employability.

Before we begin this journey, we note the placement of statutes which may impact expungement in multiple chapters of our statutes. It will be essential to keep in mind that provisions in one chapter are not necessarily designed to apply in a different context addressed in another chapter. We will see this is particularly true when we later discuss the case upon which Clark primarily relies to argue for expungement.

KRS Chapter 510 contains the provisions establishing the elements of sex-related criminal charges. A compiler of our statutes gave KRS Chapter 510 the heading of "Sex Offenses." While the Legislature uses the word "offense" in this chapter, they never use the phrase "sex offense" in the text of that chapter, as contrasted to the phrase as it appears in KRS Chapter 431.

One statute in KRS Chapter 510 is one of the earliest efforts for expungement. First enacted in 1986, KRS 510.300 directs expungement of charges under that chapter when the defendant is found not guilty, or the charge is dismissed with prejudice. KRS 510.300(2). If the defendant is the spouse of the

alleged victim and is found not guilty or the charge is dismissed with prejudice, then the arrest record also must be expunged. KRS 510.300(1). Finally, if expungement applies, then the defendant is authorized to answer questions about his or her criminal record in the negative.[13] KRS 510.300(3).

Most efforts at expungement[14] are now found in KRS Chapter 431, which a compiler of statutes designates as "General Provisions Concerning Crimes and Punishments." Two statutes[15] apply to Clark's expungement request. KRS 431.076 generally deals with expungement of charges of which a defendant may have been acquitted, or when the charges are dismissed with or without prejudice. An important limitation to this statute is that the dismissal of a charge may not be "in exchange for a guilty plea to another charge."[16]

---

[13] Opponents of expungement have expressed concern about an apparent license to lie when asked certain questions about a prior criminal record. Such permission accompanies our expungement laws.

[14] A different approach was tried with the goal of encouraging treatment for first-time possessors of controlled substances. KRS 218A.275 provides a process for voiding convictions and sealing the records.

[15] The latest addition in the statutory expungement saga, KRS 431.073, pertains to expungement of Class D felony convictions and does not apply to Clark's situation. This statute started with a list of certain expungable crimes with a later significant extension to most Class D felonies, with exceptions, notably including a "sex offense."

[16] This statute has been amended six times since its initial enactment in 1996, but this limiting language was in the version of the statute when Clark entered his guilty plea and when he sought expungement, with the latter being the relevant date.

KRS 431.078 governs dismissal of misdemeanor convictions. This statute prohibits expungement of a "sex offense." It also does not allow expungement of a conviction which may serve to increase the penalty for a second or subsequent offense. KRS 431.078(4)(d).

We must answer three questions: May the conviction for Attempted Sexual Misconduct serve to enhance a penalty for a "second or subsequent offense?" Was the original charge "dismissed" and dismissed "in exchange for a guilty plea to another charge?" Finally, is Attempted Sexual Misconduct a "sex offense" as meant under KRS Chapter 431?

The circuit court did not expunge Clark's conviction for Attempted Sexual Misconduct because that court believed that the conviction could be used for enhancement of penalty for a future crime under KRS 510.015. This statute reads as follows:

> Unless a higher penalty is otherwise prescribed and notwithstanding any provision of **this chapter** to the contrary, a person who commits a third or subsequent misdemeanor offense **under this chapter**, except for violations of KRS 510.150, may be convicted of a Class D felony. If the Commonwealth desires to utilize the provisions of this section, the Commonwealth shall indict the defendant and the case shall be tried in the Circuit Court as a felony case. The jury, or judge if the trial is without a jury, may decline to assess a felony penalty in a case under this section and may convict the defendant of a misdemeanor.

(Emphasis added.)

-10-

This provides a segue for us to apply the case Clark relies upon. *Miller v. Commonwealth*, 391 S.W.3d 801 (Ky. 2013). In *Miller*, the Kentucky Supreme Court recognized the separate nature of attempt as an inchoate crime rather than a violation of the crime attempted. *Id.* at 805. Clark argues that his conviction for Attempted Sexual Misconduct could not have been enhanced because the crime to which he pled guilty was an inchoate crime and not a violation of KRS Chapter 510. When we look at the provisions in KRS Chapter 510 and the wording of KRS 510.015, we find this argument persuasive. The Legislature did not express any clear intention to allow inchoate crimes to serve as a basis for permissive enhanced punishment specifically pursuant to KRS 510.015.

We also note that the wording of KRS 431.078(4)(d) may suggest that it was intended to apply to a repeat of the same crime. An example would be assault or driving under the influence cases. For these charges, penalty enhancement for repeated convictions is specified.[17] Because of our conclusion regarding KRS 510.015, we need not rely upon this distinction.

While Clark has cleared the bar arguably presented by KRS 510.015, this does not mean that Clark can clear the other hurdles to the expungement of his

---

[17] KRS 508.032; KRS 189A.010(5).

original charge and conviction. We next move to whether the original rape charge may be expunged.

This case illustrates what may be referred to as a charge bargain. "A 'charge bargain,' is an agreement by the prosecutor to reduce the original charge in exchange for the defendant's agreement to plead guilty to the reduced charge, and/or to dismiss some charges in exchange for pleas of guilty to others." *Hoskins v. Maricle*, 150 S.W.3d 1, 22 (Ky. 2004) (citations omitted). This sentence recognizes the difference between a dismissed charge and an amended charge. The rape charge in this case was not dismissed; it was amended. As a result, the original charge cannot be expunged pursuant to KRS 431.076.

At Clark's plea hearing, the Commonwealth clearly stated its motion to amend the First-Degree Rape charge to Attempted Sexual Misconduct was in exchange for Clark's pleading guilty to the amended charge. It is indisputable that the amendment of the rape charge was conditioned on a guilty plea to another charge.

The Kentucky State Police's Expungement Eligibility Certification Notice, dated September 25, 2023, explicitly stated the rape charge was ineligible for expungement noting that the charge was "amended" and resulted in a non-expungable misdemeanor under KRS 431.078(4)(a). While the certification does not prohibit a contrary legal conclusion by the courts about eligibility, it does

indicate how the agency primarily charged with expungement duties has interpreted the law.

Even if Clark could successfully argue that the effect of an amendment is a *de facto* dismissal of the original charge, the statute still does not allow expungement of the charge. The arguable "dismissal" of the original rape charge was still "in exchange for a guilty plea to another charge," the Attempted Sexual Misconduct. KRS 431.076 does not allow expungement of the rape charge in these circumstances.

Our conclusion on this point is indirectly supported by the recent case of *Davis*, 686 S.W.3d 167. A defendant ("Davis") filed a petition to expunge a theft by deception charge which had been dismissed by the sentencing court when he pled guilty to Medicaid fraud in the same indictment. *Id.* at 169. The Commonwealth objected to Davis's petition, arguing Davis's theft by deception charge was statutorily ineligible for expungement under KRS 431.076(1)(b), because it was dismissed in exchange for his guilty plea to the Medicaid fraud charge. The Fayette Circuit Court granted Davis's expungement petition, stating the trial court "looks to the Judgment entered in this case, which does not reflect the idea that this charge was dismissed in exchange for a guilty plea. The Judgment is the record in the case, and the Court will not look to extraneous matters to interpret a document that is clear on its face." *Id.*

-13-

The Supreme Court reversed the Fayette Circuit Court's decision to grant Davis's expungement petition. The Court noted "that a subsequent trial court charged with determining whether a dismissal was conditioned on a guilty plea – and thus ineligible for expungement under KRS 431.076(1)(b) – must often look beyond the final judgment." *Id.* at 170. The Court determined that a trial court is to look at more than the sentencing court's final judgment to determine whether a dismissal was in fact granted in exchange for a guilty plea to another charge. The Fayette Circuit Court erred in failing to do so. *Id.* at 171.

Under *Davis*, a trial court must look at the circumstances of a guilty plea to determine why a charge was dismissed, if it was dismissed. There is no requirement that a particular document specifically state that a dismissal was in exchange for a guilty plea to another charge. Here, we do not have a dismissal as in *Davis* but by contrast an amendment of a single charge, and there is no question that the amendment resulted in a plea to the amended charge rather than the original level of the charge.

Clark's rape charge was not dismissed. If an amendment could be seen as a type of dismissal of the original level of the charge, then the dismissal was still in exchange for a plea to another charge. Either way, the expungement of the rape charge is prohibited.

Before discussing the final issue of expungement of the misdemeanor charge, we recognize that the present structure of our expungement statutes could lead to situations where an amended misdemeanor conviction separately could be expunged, but the original felony charge could not be expunged. For example, KRS 431.078 does not categorically prohibit expungement of misdemeanors if they resulted from dismissal or amendment of felony charges. The wisdom of such results is a legislative matter for our Legislature to address by potential revision of the applicable statutes.[18] That concern is not presented in this case. As we shall next explain, the Attempted Sexual Misconduct conviction in this case cannot be expunged regardless of the status of the original rape charge.

Basically, Clark believes Attempted Sexual Misconduct is not a "sex crime" by definition, and so it must be expunged. This argument requires us to revisit *Miller*. As we shall see, *Miller* does not address any question of expungement.

---

[18] The wording of expungement statutes varies greatly from state to state. Our mother Commonwealth, Virginia, has struggled recently with how to deal with amendments. Virginia's governing statute does not have Kentucky's language about dismissals in exchange for a guilty plea to another charge. The Virginia Supreme Court recently adopted a process to consider whether the amendment of a charge makes the original charge "otherwise dismissed" thus allowing expungement. That Court allows expungement in these circumstances only if the amended charge is "completely separate from and unrelated to the original charge." *Williams v. Commonwealth*, 885 S.E.2d 457, 461 (Va. 2023). Again, each state's wording is different. These issues generally belong to legislatures, and any attempt to further clarify their expungement intentions belongs there, not in the courts.

In *Miller*, a defendant ("Miller") was originally arrested and charged with First-Degree Unlawful Transaction with a Minor (under the age of sixteen).[19] *Id.* at 802-03. Miller's subsequent indictment charged him with the different crime of *criminal attempt* to commit First-Degree Unlawful Transaction with a Minor (under the age of sixteen).[20] *Id.* at 803.

The Commonwealth discovered the victim was actually sixteen at the time of the crime. By agreement, Miller pled guilty to an amended charge of criminal attempt to commit First-Degree Unlawful Transaction with a Minor. The resulting charge is a Class A misdemeanor. KRS 530.064(2)(a) makes First-Degree Unlawful Transaction with a Minor a Class C felony when the victim is between sixteen and eighteen. KRS 506.010(4)(d) makes the attempt of a Class C or D felony a Class A misdemeanor. *Id.*

Miller was sentenced to twelve months in jail, probated for two years, with a condition to "[a]ttend any counseling recommended by probation and parole." *Id.* Probation and Parole recommended Miller enroll in the state's sex offender treatment program, which typically takes three years to complete. *Id.* Shortly before Miller's probation period was to end, the Probation and Parole Officer informed the trial court that Miller would be unable to complete the

---

[19] A Class B felony under KRS 530.064(2)(b).

[20] An attempt to commit a Class B felony is a Class C felony. KRS 506.010(4)(c).

program before his probation expired.  The court entered an order extending Miller's probation until he completed the sex offender treatment program.  *Id.*

The Kentucky Supreme Court reversed the trial court's probation extension decision.  "Miller cannot be required to complete a program that extends beyond his period of probation, that he has completed his probation, and he is discharged from it as a matter of law."  *Id.* at 802.  The Court noted that the probation period for misdemeanors shall not exceed two years under KRS 533.020(4) without the agreement of the defendant.  *Id.* at 805.  The Court explained that Miller could not be required to complete the sex offender treatment program as he had not been convicted of a "sex crime" under KRS 17.500, which applied only to felony level offenses.

Clark extrapolates from *Miller* his argument that Attempted Sexual Misconduct is not a "sex crime" subject to mandatory sex offender treatment, and so it should also not be considered a "sex offense" barred from expungement.  In the context of the registration and treatment requirements in KRS Chapter 17, "sex crime" is defined.  KRS 17.500(8) defines "sex crime" as follows:

> (a) A felony offense defined in KRS Chapter 510, KRS 529.100 or 529.110 involving commercial sexual activity, 530.020, 530.064(1)(a), 531.310, 531.320, 531.335, 531.340, 531.365, 531.366, 531.367, or 531.368;

> (b) A felony attempt to commit a felony offense specified in paragraph (a) of this subsection; or

(c) A federal felony offense, a felony offense subject to a court-martial of the United States Armed Forces, or a felony offense from another state or a territory where the felony offense is similar to a felony offense specified in paragraph (a) of this subsection[.]

The Legislature has shown with this definition that they did not categorically exclude inchoate offenses from the definition of a sex crime. KRS 439.3401(1)(a)3. similarly directs that any *attempt* to commit any crime under KRS Chapter 510 is a violent offense. The Legislature had thus indicated that the status of an inchoate crime does not govern whether some misdemeanors may be "sex crimes," "violent offenses," or by extension "sex offenses."

Unfortunately, no definition is provided in KRS Chapter 431 for the phrase "sex offense." This choice of words shows that the Legislature did not intend for the phrase to be synonymous with "sex crime" defined elsewhere. This understanding is confirmed by the fact that the Legislature has repeatedly made clear its intention of when the phrase "sex crime" is to be applied.

KRS 533.250(1)(d) does not permit pretrial diversion for sex crimes as defined in KRS 17.500. The Legislature borrowed the same definition in KRS 610.330(1)(c)2. This statute specifically governs *expungement* of juvenile records and prohibits expungements of "sex crimes" as defined in KRS 17.500. The Legislature chose not to repeat this borrowed definition in KRS Chapter 431. We

must decide then what the Legislature's intent was in using the undefined term "sex offense."

We must apply the common understanding for the words used. KRS 446.080(4). The word "sex" when combined with the word offense is not referring to gender but is a synonym for "sexual." For example, "sex" has been defined as: "(chiefly with reference to people) sexual activity, including specifically sexual intercourse. 'They enjoyed talking about sex.'"[21] The National Institute of Justice has defined "sex-related offenses": "Sex-related offenses are any crimes that have a sexual component."[22]

The real issue is what is meant by "offense." Although crime and offense are often synonymous, offense is a broader term. Offense may be defined as: "a breach of a law or rule; an illegal act. '[N]either offense violates any federal law.'"[23] Violations may be punishable by small fines only. Violations of some legal rules may result in consequences without even a fine. Such violations are

---

[21] *Definition of Sex*, GOOGLE, www.google.com (last visited December 2, 2024). Google uses Oxford Languages as a source.

[22] NATIONAL INSTITUTE OF JUSTICE, https://nij.ojp.gov/topics/crime/sex-related-offenses#:~:text=Sex%2Drelated%20offenses%20are%20any,impact%20of%20sex%2Drelated%20offenses (last visited December 2, 2024).

[23] *Definition of Offense*, GOOGLE, www.google.com (last visited December 2, 2024). Google uses Oxford Languages as a source.

within the broader definition of offense, even though they are not within the common understanding of crimes.

Applying what we have discussed, we conclude Attempted Sexual Misconduct is a sex offense under KRS 431.078. It has a sexual component. KRS 510.140 states: "A person is guilty of sexual misconduct when he engages in sexual intercourse or deviate sexual intercourse with another person without the latter's consent." Clark, who admitted to sexual intercourse, pled guilty to Attempted Sexual Misconduct.

During Clark's plea hearing, the Commonwealth stated he was "to receive sex offender treatment" for the Attempted Sexual Misconduct conviction as the Commonwealth believed a "sexual crime" had occurred. As in *Miller*, Clark was not required to engage in the specific treatment required for felons under KRS Chapter 17. This does not mean Clark did not commit a "sex offense."

The Legislature has indicated an intent that the phrase "sex offense" is to be given a broad definition. Clark committed a misdemeanor sex offense as contemplated by KRS 431.078. The conviction is not eligible for expungement.

## CONCLUSION

The circuit court did not err in denying expungement of the original First-Degree Rape charge. That charge was amended, not dismissed. Even if considered dismissed, the charge was dismissed in exchange for a guilty plea to

-20-

another charge, the amended charge of Attempted Sexual Misconduct. The resulting misdemeanor charge of Attempted Sexual Misconduct is a "sex offense" and may not be expunged. The Order of the Kenton Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Bradley Fox
Covington, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Joseph A. Beckett
Assistant Attorney General
Frankfort, Kentucky